**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC<br><br>Defendant. | Case No. 6:21-cv-00906-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. Alan D. Albright |

**DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S ANSWER TO EVERLIGHT ELECTRONICS CO., LTD.'S COMPLAINT**

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") hereby answer the Complaint for Patent Infringement ("complaint") filed by Plaintiff Everlight Electronics Co., Ltd. ("Everlight"). Amazon adopts the headings used in the complaint for ease of reference. To the extent that the headings themselves contain factual and legal characterizations, Amazon denies such characterizations.

## INTRODUCTION

1. Amazon admits that Everlight brought this action for alleged unlawful infringement of United States Patent No. 7,554,126 (the "'126 patent" or "asserted patent"). Amazon denies that it infringes any valid claim of the asserted patent. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 1 and therefore denies them.

## PARTIES

2. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies them.

3. Amazon admits that Amazon.com, Inc. is a Delaware corporation having a place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210. Amazon admits that it has appointed Corporation Service Company, which is located at 251 Little Falls Drive, Wilmington, Delaware 19808, as its registered agent for service of process in the State of Delaware.

4. Amazon admits that Amazon.com Services LLC is a Delaware corporation having a place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210. Amazon admits that Amazon.com Services LLC has appointed Corporation Service Company, which is located at 251 Little Falls Dr., Wilmington, Delaware 19808, as a registered agent for service of process in the State of Delaware. Amazon admits that Amazon.com Services LLC is registered to do business in the State of Texas. Amazon admits that Amazon.com Services LLC has appointed Corporation Service Company dba CSC-Lawyers Incorporating Service Company, which is located at 211 7th Street, Suite 620, Austin, TX 78701-3218, as a registered agent for service of process in the State of Texas. Amazon admits that Amazon.com Services LLC is a wholly-owned subsidiary of Amazon.com, Inc.

## JURISDICTION AND VENUE

5. Amazon admits that the complaint purports to be an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Amazon denies the remaining allegations in paragraph 5.

6. Amazon admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Amazon consents to the jurisdiction of this Court for the purposes of this action only. Amazon denies that it, either directly or through any subsidiaries or intermediaries, has committed or continues to commit any acts of infringement within the Western District of Texas or any other District. Amazon denies the remaining allegations of paragraph 7.

8. Amazon consents to the jurisdiction of this Court for the purpose of this action only. Amazon admits that certain Amazon-affiliated companies conduct business in the State of Texas and in the Western District of Texas. Amazon denies that it has committed or continues to commit any acts of infringement within the State of Texas, the Western District of Texas, or any other State or District. Amazon denies the remaining allegations of paragraph 8.

9. Amazon admits that certain Amazon-affiliated companies conduct business in the State of Texas and in the Western District of Texas. Amazon denies the remaining allegations of paragraph 9.

10. Amazon admits that, through subsidiaries, it conducts business and employs employees in this District. Amazon denies the remaining allegations of paragraph 10.

11. Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is required, Amazon denies the allegations in paragraph 11.

12. Amazon consents to venue in this court for the purpose of this action only, but denies that venue is convenient or appropriate for this action. Amazon admits that certain Amazon-affiliated companies have offices at 11501 Alterra Parkway, Austin, Texas, and that a fulfillment center exists at 2093-2209 Rutland Drive, Austin, Texas 78758. Amazon denies that it has committed any acts of infringement within the State of Texas, the Western District of Texas, or any other State or District. Amazon denies the remaining allegations in paragraph 12.

13. Amazon admits that the citations in paragraph 13 appear to be news articles. To the extent the allegations in paragraph 13 purport to summarize or quote those news articles, the articles speak for themselves. Amazon denies the remaining allegations in paragraph 13.

## INFRINGEMENT OF U.S. PATENT NO. 7,554,126

14. Amazon reincorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

15. Amazon admits that Exhibit 1 to the complaint purports to be a copy of the ’126 patent. Amazon also admits that, on its face, the ’126 patent is entitled “Semiconductor Light-Emitting Element, Manufacturing Method and Mounting Method of the same and Light-Emitting Device.” Amazon also admits that, on its face, the ’126 patent lists June 30, 2009 as the date of the patent, and lists Kazushi Higashi and Shinji Ishitani as inventors. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

16. Amazon denies the allegations in paragraph 16.

17. Amazon admits that paragraph 17 recites claim 1 of Exhibit 1 to the complaint, which purports to be a copy of the ’126 patent.

18. Amazon denies that it infringes or has infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’126 patent. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies them.

19. Amazon denies that it infringes or has infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’126 patent. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore denies them.

20. Amazon denies that it infringes or has infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’126 patent. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and therefore denies them.

21. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25. Amazon denies the allegations in paragraph 25.

26. Amazon denies that it infringes or has infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’126 patent. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies them.

27. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31. Amazon denies the allegations in paragraph 31.

32. Amazon denies that it infringes or has infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’126 patent. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies them.

33. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37. Amazon denies the allegations in paragraph 37.

38. Amazon denies the allegations of Paragraph 38.

## PRAYER FOR RELIEF

Plaintiff’s prayer for relief does not state any allegations to which a response is required. To the extent a response is required, Amazon denies that Plaintiff is entitled to any of the relief requested in Plaintiff’s prayer for relief, including paragraphs (a) through (f), or to any other relief in any form whatsoever. Amazon further denies each and every allegation contained in the complaint to which it has not specifically responded.

## DEMAND FOR JURY TRIAL

Plaintiff’s demand for a jury trial does not state any allegations to which a response is required.

## DEFENSES

Subject to the responses above, Amazon alleges and asserts the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Amazon specifically reserves all rights to allege additional defenses that become known through the course of discovery in this action.

### FIRST DEFENSE
### (Noninfringement)

Amazon does not infringe and has not infringed any valid and enforceable claim of the'126 patent, whether directly or indirectly, literally, or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271 or 19 U.S.C § 1337.

### SECOND DEFENSE
### (Invalidity)

The claims of the '126 patent are invalid for failing to comply with one or more of the conditions and requirements of 35 U.S.C. §§ 102, 103, and/or 112 at least because they are not new or novel in light of the prior art, are obvious in light of the prior art, are indefinite, fail to provide an adequate written description, and/or fail to enable one of skill in the art to make and use the alleged invention described and claimed.

### THIRD DEFENSE
### (Prosecution History Estoppel)

The claims in the '126 patent are limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the applications which resulted in the '126 patent, such that none of the asserted claims are infringed by Amazon.

**FOURTH DEFENSE**
**(Limitation on Damages and Costs)**

Everlight's claims for relief are barred in whole or in part, including pursuant to 35 U.S.C. §§ 286, 287, and/or 288, and/or 28 U.S.C. § 1498.

**FIFTH DEFENSE**
**(Reserved)**

Amazon specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery in this action.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Amazon demands a trial by jury on all claims and issues so triable.

Date: October 22, 2021

MORRISON & FOERSTER LLP

By: */s/ Stefani E. Shanberg*

Stefani E. Shanberg (TX Bar No. 24009955)
sshanberg@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000

*Attorneys for Defendants AMAZON.COM, INC. and AMAZON.COM SERVICES LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served on all counsel of record via the Court's ECF system.

Dated: October 22, 2021

Respectfully submitted,

By: */s/ Stefani E. Shanberg*
Stefani E. Shanberg